Mathew K. Higbee, Esq., (Ill. Bar No. 6319929)
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
CHRISTOPHER SADOWSKI

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER SADOWSKI, <br><br> Plaintiff, <br><br> v. <br><br> DR. BOYCE WATKINS d/b/a http://www.brothersonsports.com/; and DOES 1 through 10 inclusive, <br><br> Defendant. | Case No. 1:19-cv-6891 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Christopher Sadowski alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims

1

for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within the State of Illinois, Defendant's acts of infringement complained of herein occurred in the State of Illinois, and Defendant caused injury to Plaintiff within the State of Illinois.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## **PARTIES**

5. Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") resides in the State of New Jersey and is a professional photographer by trade.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Dr. Boyce Watkins is an Illinois resident, with a principle place of business at 4748 S Greenwood Ave #1E, Chicago, IL 60615, as discovered from Watkins Media Group, LLC and Boyce Watkins Enterprises LLC filings in Illinois on which Dr. Boyce Watkins is listed as a manager. A true and correct copy of Watkins Media Group, LLC and Boyce Watkins Enterprises LLC LLC File Detail Reports are attached hereto as Exhibit A.

7. On information and belief, Defendant owns and operates the website http://www.brothersonsports.com/ (the "Website"). While this website domain registration has recently lapsed, the accompanying Facebook page is still active and appears to be maintained by Dr. Boyce Watkins in order to promote his general personal brand. A true and correct copy of the domain registration expiration published by GoDaddy Operating Company, LLC is attached hereto as Exhibit B; true and correct screen captures of the Facebook page is attached hereto as Exhibit C

8. Prior to the http://www.brothersonsports.com/ domain registration lapsing, the website directed advertising inquiries to advertising@watkinsmediagroup.com, an address which Plaintiff's counsel attempted to contact several times prior to filing this case.

9. A WhoIs search of watkinsmediagroup.com points to the defunct Illinois limited liability company Great Black Speakers, LLC. A true and correct copy of the WhoIs search is included as Exhibit D.

10. Great Black Speakers, LLC was involuntarily dissolved on March 10, 2017, but continues to operate https://www.greatblackspeakers.com/. Also, Watkins Media Group, LLC was also involuntarily dissolved on March 10, 2017. A true and correct screen capture of https://www.greatblackspeakers.com/ is attached as Exhibit E; a true and correct copy of Watkins Media Group, LLC and Great Black Speakers LLC File Detail Reports showing involuntary

dissolution are attached hereto as Exhibit F.

11. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

12. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

**FACTUAL ALLEGATIONS**

13. Plaintiff Christopher Sadowski is a professional photographer with a photojournalistic style. He has been published in such publications and media outlets as: The New York Times, Fox News, Reader's Digest, The New York Post, The Record (Bergen County, New Jersey), The Star-Ledger, The Daily Mail Online, The Herald News (Passaic County, New Jersey), Gannett Newspapers,

New York Newsday, Boston Globe, Boston Herald, Los Angeles Times, Toronto Sun, Newsweek Magazine, People Magazine, Us Weekly Magazine, the Associated Press, USA Today, TMZ, NBC News, MSNBC, Splash News and dozens of other leading news websites.

14. Sadowski is the sole author and exclusive rights holder to an original photograph of Steel Gym in New York City (the "Steel Gym Photo"). A true and correct copy of the original photograph is attached hereto as Exhibit G.

15. Sadowski registered the Steel Gym Photo with the United States Copyright Office under registration number VA 1-972-936.

16. Sadowski originally licensed the Images to Page Six ("Page Six"), which is part of the Post Digital Network which also includes the New York Post. On August 6, 2015, Page Six ran an article that featured the Steel Gym Photo titled "Busta Rhymes arrested for throwing protein shake at gym worker" ("Page Six Article"). A true and correct copy of the Page Six Article with the Steel Gym Photo is attached hereto as Exhibit H.

17. Sadowski's Steel Gym Photo featured in the Page Six Article included a credit below the bottom left corner crediting the image to Sadowski.

18. Defendant operates http://brothersonsports.com/ which has over 28,000 followers on Facebook and which provides general news and media commentary relating to black men. *See* *https://www.facebook.com/pg/brothersonsports/*.

19. Defendant posts news stories to its Website to attract user traffic and generate advertising revenue. In addition to online news stories, Defendant leverages his reputation to sell expensive speaking engagements and consultations. Defendant's published consultation rate is $500 for a 30-minute consultation up to $3200 for a 5-hour consultation with promotional video uploaded to YouTube. For events, his speaking rate ranges from $10,000-$20,000. A true and correct copy of the Dr. Boyce Watkins' published rates from https://www.greatblackspeakers.com/author/boycewatkins/ and https://boycewatkins.com/1-on-1-consultation/ is attached hereto as Exhibit I.

20. On or about July 8, 2018, Sadowski discovered an article on Defendant's Website featuring the Steel Gym Photo ("Infringing Article"). A true and correct screenshot of the Infringing Article featuring the Image with the photo credit removed is attached hereto as Exhibit J.

21. On information and belief, Defendant extracted the Images from the Page Six Article. The Infringing Article discusses the same story about Busta Rhymes being arrested after throwing a protein drink at a gym employee that was told in the Page Six article. The Steel Gym Photo was also uploaded to the Website server in August 2015, the same month that Page Six ran the original article that featured the Steel Gym Photo. A true and correct screenshot of the Steel Gym Photo on the Website showing the upload date is attached hereto as Exhibit K.

22. On or about July 30, 2018, Plaintiff's counsel sent a cease and desist letter to Defendant alerting him to the infringement and requesting, *inter alia*, that the Image be removed from Defendant's Website.

23. While the website is no longer online as of today's date, on October 2018, the Steel Gym Photo had not been removed from Defendant's Website despite repeated attempts by Plaintiff's counsel to contact Defendant.

24. Sadowski never authorized Defendant to use any of his images on Defendant's Website. Defendant has never been authorized to use the Steel Gym Photo.

25. On information and belief, Defendant willfully removed Sadowski's photo attribution because Defendant knew it did not have permission to use the Images.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Steel Gym Photo.

28. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited

through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Steel Gym Photo of the Plaintiff without Plaintiff's consent by using them in the Infringing Article on Defendant's Website.

29. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

30. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

31. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL, AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. On information and belief, Defendant knew that Plaintiff created the Steel Gym Image because, *inter alia*, the source of the image that Defendant used to make the infringing copy, the Page Six Article, specifically attributed the Image to Plaintiff.

34. Defendant intentionally falsified copyright management information

related to the Steel Gym Photo with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the image or had legitimately licensed it for use in the Infringing Articles.

35. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a) and 1202(b).

36. Defendant's falsification, removal, and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

37. Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Images. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Images.

38. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

39. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202.

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: October 18, 2019                     Respectfully submitted,

                                              **/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Ill. Bar No. 6319929
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# DEMAND FOR JURY TRIAL

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: October 18, 2019                Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Ill. Bar No. 6319929
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*